**Vassilios OLIMPIUS, and Jacob L. Morewitz, Appellants,**

**v.**

**Hugh L. BUTLER, City Sergeant of Norfolk, Virginia, T. Samonas, Master of THE S.S. VIRGINIA G, et al., Appellees.**

**No. 7442.**

United States Court of Appeals
Fourth Circuit.

Argued May 31, 1957.

Decided Oct. 7, 1957.

Jacob L. Morewitz, Newport News, Va., for appellants.

Walter B. Martin, Jr., and William F. Davis, Asst. U. S. Atty., Norfolk, Va. (Vandeventer, Black & Meredith, and L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief) for appellees.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal by an alien seaman from an order dismissing an application for habeas corpus and for a declaratory judgment to the effect that he had been unlawfully deprived of his liberty and ordered deported by the immigration authorities at Newport News. The seaman is no longer in custody, and the only question before us is the validity of the order dismissing the petition for declaratory judgment.

It appears that appellant was permitted to land at Newport News, Va. under a D-1 permit, which required him to depart on the vessel which entered the port, and that he failed to depart on that vessel. A hearing was duly held before a special inquiry officer and he was ordered deported. It appeared at the hearing that he did not depart on the vessel because an attorney, whom he had employed in a wage dispute with the master of the vessel, advised him not to depart on the ground that he was in need of hospitalization. At the hearing it was stipulated that no claim was made in that proceeding that there was any valid need for emergency hospital treatment which warranted his leaving the vessel, and there was testimony in the court below which corroborated this stipulation. In this situation, we cannot say that the deportation order was not supported by substantial evidence or that it was arbitrary or unreasonable or invalid for any other cause. It is said that the seaman is no longer affected by the order of deportation, since, at the suggestion of the judge below, he has made application for permission to reapply for admission, which has been approved; but, in the view which we take of the case, we need not go into this.

Complaint is made that counsel for appellant was attached for contempt and fined during the hearing in the court below; but it appears that he used profane and insulting language towards op-

posing counsel in open court after being warned by the judge not to do so. The fact that opposing counsel had provoked the outburst did not excuse the contempt of court involved, although it was doubtless considered by the judge in mitigation of punishment. The attachment for contempt was clearly proper.

There is no merit in the appeal and the order appealed from will be affirmed.

Affirmed.